IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT ISADORE RICHARDSON,

        Petitioner,

v.                                                     Civil Action No. 3:16cv38
                                                      Criminal Action No. 3:05cr40
                                                      (GROH)

UNITED STATES OF AMERICA,

        Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On April 7, 2016, Robert Isadore Richardson ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No 3:16cv38, ECF No. 1; Criminal Action No. 3:05cr40, ECF No. 259).[1] The undersigned now issues this Report and Recommendation on the Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the Petitioner's motion.

### II.    FACTS

Following a plea agreement [ECF No. 88] and hearing, the Petitioner was found guilty of possession with intent to distribute 16.20 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On August 8, 2006, the Petitioner was sentenced to a term of 210 months imprisonment followed by a four-year term of supervised release. ECF No. 98. According to the Pre-Sentence

---

[1] From this point forward, all ECF Numbers refer to Petitioner's Criminal Action.

Report ("PSR"), in light of his criminal history and because the instant offense was a felony involving a controlled substance, and the Petitioner was 18 years or older at the time of its commission, the Petitioner was a career offender within the meaning of U.S.S.G. § 4B1.1 of the guidelines. ECF No. 94 at 7.

The Petitioner did not file an appeal of his conviction or sentence. However, on July 27, 2007, the Petitioner filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 103. Following an evidentiary hearing, Magistrate Judge James E. Seibert entered a Report and Recommendation concluding that the original judgment should be vacated, and the Petitioner should be re-sentenced because his trial counsel failed to file an appeal as requested by the Petitioner. ECF No. 141. The Report and Recommendation was adopted, and the Petitioner appeared for re-sentencing on December 11, 2009. ECF No. 169. The Petitioner was sentenced to 210 months incarceration followed by a four-year term of supervised release. Id.

The Petitioner than pursued a direct appeal to the United States Court of Appeals for the Fourth Circuit. On appeal, the Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). United States v. Richardson, 422 F. App'x 196, 197, 2011 WL 1335197, at *1. The Petitioner filed a supplemental *pro se* brief raising the following claims: (1) the District Court erred by amending the Indictment without presenting it to the grand jury; (2) the District Court abused its discretion by proceeding with the amended Indictment without presenting it to the grand jury; (3) counsel was ineffective for failing to file a motion to suppress; (4) counsel was ineffective by not appealing Petitioner's designation as a career offender; and (5) the District Court abused its discretion by refusing to apply a 1:1 ratio of crack to powder cocaine. Id.

By per curiam opinion, the Fourth Circuit determined that the Petitioner validly waived his

right to challenge his sentence on appeal and therefore waived his right to challenge the failure to apply a 1:1 ratio. Furthermore, the Fourth Circuit determined that the Petitioner did not waive his right to appeal his conviction, but that his first two *pro se* issues were waived by his guilty plea because they were "antecedent, non-jurisdictional errors." 422 F. App'x at 198, 211 WL 1335197 at *2. The Fourth Circuit did not rule on the Petitioner's ineffective assistance of counsel claims, finding that a motion to vacate was the proper vehicle for these claims. Id. The Petitioner did not pursue a writ of certiorari with the United States Supreme Court.

Thereafter, the Petitioner filed a numerically second Motion to Vacate pursuant to 28 U.S.C. § 2255. The Petitioner raised various grounds for relief including lack of subject matter jurisdiction, errors by the District Court and multiple claims of ineffective assistance of both trial and appellate counsel. On April 26, 2012, United States Magistrate Judge David Joel entered a twenty-six page Report and Recommendation in which he recommended that the Petitioner's § 2255 Motion be denied and dismissed. ECF No. 223. On October 4, 2012, the Court adopted the Report and Recommendation, and denied and dismissed the Motion to Vacate. On appeal, the Fourth Circuit Court of Appeals affirmed.

In this numerically third Motion to Vacate Under 28 U.S.C. § 2255, the Petitioner alleges that pursuant to the decision in Johnson v. United States[2], his career offender status is no longer valid under the residual clause. More specifically, the Petitioner alleges that his conviction for second degree assault in the state of Maryland is not a violent crime.

In Johnson, the Supreme Court considered a provision of the Armed Career Criminal Act that creates a sentencing enhancement for possessing a firearm in the commission of a federal felony

---

[2]135 S.Ct. 2551 (2015).

when the defendant already has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. § 924(e)(1); see id. § 922(g). Because the Petitioner was sentenced as a career offender, and not as an armed career criminal, it does not appear that Johnson applies to his sentence.[3] However, even if applicable, the Petitioner's pending § 2255 motion is due to be dismissed for the reason discussed more fully below.

### III. ANALYSIS

Regarding a second or successive federal habeas corpus motion, 28 U.S.C. § 2255(h) states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In order for a motion to be considered successive, the first motion must have been dismissed on its merits. See Slack v. McDaniel, 529 U.S. 473, 485-89 (1999); Harvey v. Horan, 278 F.3d 370, 379-80 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 131 S. Ct. 1289 (2011).

Here, it is clear that Petitioner's numerically second habeas petition was dismissed on the

---

[3]The Court acknowledges that since Johnson was decided, many prisoners who were given enhanced sentences under § 4B1.1 of the United States Sentencing Guidelines ("USSG") as career offenders have challenged their sentences by arguing that the residual clause of the career enhancement is unconstitutionally vague. The residual clause of USSG § 4B1.2(a)(2) is identical to the residual clause in the ACCA that Johnson ruled unconstitutional. There is a split of authority among districts in this Circuit and among the Circuits as well whether Johnson is applicable to the residual clause of USSG § 4B1.2(a)(2). However, the Fourth Circuit heard oral arguments on January 28, 2016, in In re Hubbard, No. 15-0276. The court's decision, when issued, is expected to address whether the Supreme Court's holding in Johnson applies to the USSG and renders the residual clause of the career offender provision unconstitutionally vague.

merits. Thus, the undersigned finds that the current § 2255 motion is a second or successive motion and Petitioner did not obtain authorization from the Fourth Circuit to file a successive § 2255 motion. Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, this Court is without authority to hear petitioner's current federal habeas petition. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 3:16cv38, ECF No. 1; Criminal Action No. 3:05cr40, ECF No. 259] be **DENIED** and **DISMISSED** as an unauthorized second or successive motion.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation

to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: May 5, 2016.

/s Robert W. Trumble
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE